FILED
2026 Sep-30 PM 12:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES HURLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:25-cv-02127-MHH** |
| | ) | |
| **CSX TRANSPORTATION, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Hurley has asserted several claims against his former employer, Velocity Rail Solutions; Velocity Rail's workers' compensation administrator, Gallagher and Bassett Services, Inc.; and CSX Transportation, the railroad that operated the train that struck the truck that Mr. Hurley was driving for Velocity Rail on November 3, 2023. The defendants have filed several motions concerning Ms. Hurley's amended complaint. (Docs. 10, 11, 14, 15, 16). This opinion resolves the defendants' motions.

***

These facts provide the backdrop for the defendants' motions: on November 3, 2023, around 3:30 p.m., Mr. Hurley drove the tanker truck he was operating for Velocity Rail across train tracks, and a CSX train struck the truck. (Doc. 10, pp. 1-

3, 34, 57; Doc. 11, p. 8). Mr. Hurley alleges that he suffered neck, back, and foot injuries in the collision. (Doc. 10, p. 3).

Gallagher Bassett contacted Mr. Hurley on November 30, 2023 because the company received notice of Mr. Hurley's accident from Velocity Rail. (Doc. 10, pp. 29-33). Gallagher Bassett asked Mr. Hurley to complete the benefits forms enclosed with the letter and to return the forms promptly "to avoid delays in your benefits." (Doc. 10, pp. 29, 39).

Mr. Hurley contends that Gallagher Bassett failed to pay him workers' compensation benefits from November 4, 2023 until January 23, 2024. (Doc. 10, p. 7). He asserts that CSX failed to properly maintain the railroad crossing at Wilson Road, the crossing at which the accident occurred. Mr. Hurley also contends that the CSX engineer who was operating the train when the accident occurred failed to sound the train whistle, operated the train at an excessive speed, and failed to stop the train. (Doc. 10, pp. 5, 7). Mr. Hurley contends that Velocity Rail wrongfully terminated his employment with the company based on the company's flawed conclusion that he did not stop his truck. (Doc. 10, p. 9). Mr. Hurley also alleges that Velocity Rail failed to train him properly. (Doc. 10, p. 8).

Mr. Hurley seeks at least $25 million in damages for unpaid workers' compensation benefits; as compensation for medical treatment, pain and suffering, and loss of income; and in punitive damages. (Doc. 10, p. 9). Mr. Hurley filed his

initial complaint against the defendants in the Circuit Court of Jefferson County, Alabama. (Doc. 1-1, pp. 5-13). CSX removed the case to this federal district court; Velocity Rail and Gallagher Bassett joined in the removal. (Doc. 1; Doc. 1, p. 6).

***

Velocity Rail has moved to sever and return to state court Mr. Hurley's claim for workers' compensation benefits because federal courts may not exercise jurisdiction over claims for workers' compensation benefits. (Doc. 14). "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). When deciding a motion to remand, "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).

A claim arising under a state's workers' compensation act is not removable to federal court, 28 U.S.C. § 1445(c), but under 28 U.S.C. § 1441(c)(1)(B), "[i]f a civil action includes . . . a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, . . . the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)." Under 28 U.S.C. § 1441(c)(2), after a removal under § 1441(c)(1), a district court must "sever from the action all claims

described in paragraph (1)(B)" and "remand the severed claims to the State court from which the action was removed."

This action would be removable under 28 U.S.C. § 1332 without the inclusion of Mr. Hurley's claim for workers' compensation benefits because the citizenship of the parties is completely diverse, and more than $75,000 is in controversy. (Doc. 1).[1] Therefore, CSX could remove this action pursuant to 28 U.S.C. § 1441(c)(1)(B), and, pursuant to 28 U.S.C. § 1441(c)(2), this Court must sever Mr. Hurley's workers' compensation claims against Velocity Rail and Gallagher and Bassett and remand those claims to the Circuit Court of Jefferson County. Accordingly, the Court grants Velocity Rail's motion to sever and remand. (Doc. 14). This order moots Gallagher and Bassett's motion to dismiss. (Doc. 16).[2]

***

Velocity Rail has asked the Court to dismiss the balance of Mr. Hurley's claims against the company pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[1] "[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." *PTA-Fla, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016). Mr. Hurley did not identify the citizenship of the parties in his initial state-court *pro se* complaint, but he stated that he was seeking $25 million in damages. (Doc. 1-1, p. 12). The Court relies on the unchallenged citizenship allegations in CSX's notice of removal.

[2] In its motion to dismiss, Gallagher and Bassett argues that Mr. Hurley may assert a claim for workers' compensation benefits only against his employer, Velocity Rail. (Doc. 16, p. 2). Because this Court must remand Mr. Hurley's workers' compensation claims to state court, this Court may not resolve the matter, but the Court directs the Clerk of Court to include Gallagher and Bassett's motion to dismiss with the matters that the Clerk returns to the Circuit Court of Jefferson County.

Procedure. Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests,'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2009)).

Courts must construe *pro se* documents liberally and must hold a *pro se* complaint "'to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Still, a district court "may not serve as de facto counsel for a party, or ... rewrite an otherwise deficient pleading in order to sustain an action." A*usar-El ex. rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011) (internal quotations and citations omitted). When evaluating a Rule 12(b)(6) motion to dismiss, a district court accepts as true the factual allegations in the complaint and construes the factual allegations in the light most favorable to the plaintiff. *See Brophy v. Jiangbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015). The Court reviews Mr. Hurley's factual allegations accordingly.

As noted, Mr. Hurley alleges that Velocity Rail improperly terminated him because the company found that he failed to stop before he entered the railroad crossing, but video evidence shows that he stopped per governing regulations. (Doc. 10, p. 9). Velocity Rail correctly argues that Alabama is an at-will employment state. (Doc. 15, pp. 2-3). "The bedrock principle of Alabama employment law is that, in the absence of a contract providing otherwise, employment in this state is at-will, terminable at the will of either party. Under this doctrine, an employee may be discharged for any reason, good or bad, or even for no reason at all." *Ex parte Amoco Fabrics & Fibers Co.*, 729 So. 2d 336, 339 (Ala. 1998). Mr. Hurley does not allege that he had a contract that prevented Velocity Rail from terminating his employment because of an alleged error in job performance. Therefore, the Court will dismiss Mr. Hurley's wrongful termination claim.

Mr. Hurley also alleges that his accident occurred because Velocity Rail did not train him properly, and Velocity Rail forced him to take a dangerous route. (Doc. 10, pp. 1-2, 5-6; *see also* Doc. 26, pp. 6–7; Doc. 33, p. 2). Mr. Hurley alleges that the designated route showed "willful, intentional and egregious" conduct. (Doc. 26, p. 6). Under Alabama law, workers' compensation is the exclusive remedy against an employer for an injury, including injuries that allegedly occurred due to willful, intentional, or wanton conduct. ALA. CODE §§ 25-5-52; 25-5-53; *Ex parte Progress Rail Servs. Corp.*, 869 So. 2d 459 (Ala. 2003). The Alabama Legislature has

permitted claims for willful conduct against third-parties for on-the-job injuries, ALA. CODE § 25-5-11, but Mr. Hurley has named only Velocity Rail as the party responsible for the alleged willful conduct that he contends caused his injuries. The exclusivity provisions of Alabama's Workers' Compensation Act bar that claim. ALA. CODE §§ 25-5-52; 25-5-53; *Ex parte Progress Rail Servs. Corp.*, 869 So. 2d 459 (Ala. 2003).

Therefore, the Court dismisses Mr. Hurley's tort claims against his employer, Velocity Rail.

***

CSX has moved for summary judgment based on the affirmative defense of contributory negligence. Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Under Rule 56, a district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To demonstrate that there is a genuine dispute as to a material fact that precludes summary judgment, a party opposing a motion for summary judgment must cite "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "The court need consider

only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). When considering a summary judgment motion, the Court must view the evidence in the record in the light most favorable to the non-moving party and draw reasonable inferences in favor of the non-moving party. *Thai Meditation Ass'n of Ala., Inc. v. City of Mobile*, 83 F.4th 922, 926 (11th Cir. 2023); *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015).

CSX's motion for summary judgment rests on the "stop, look, and listen" rule under Alabama law. The Alabama Supreme Court has explained that "deeply rooted in Alabama law is the rule that a person who fails to stop, look, and listen before crossing a railroad track is, in the absence of special circumstances, contributorily negligent as a matter of law." *Norfolk S. Ry. Co. v. Johnson*, 75 So. 3d 624, 640 (Ala. 2011). When a motorist fails to stop, look, and listen at a railroad crossing and collides with an oncoming train, a court must treat the motorist's negligence "as the sole proximate cause of his injuries." *Johnson*, 75 So. 3d at 640.

CSX argues that a video recording of Mr. Hurley's accident conclusively undermines Mr. Hurley's allegations concerning purported special circumstances relating to his accident. CSX asserts that the recording establishes that Mr. Hurley did not stop at the grade crossing at Wilson Road before proceeding onto the railroad

tracks, that the signals at the crossing were working, and that vegetation did not obstruct Mr. Hurley's view of the approaching train. (Doc. 11, pp. 14-16).[3]

CSX may rely on video evidence in support of its affirmative defense. Where video evidence "obviously contradicts" the non-movant's "version of the facts," a district court must "accept the video's depiction instead of [the non-movant's] account." *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010); *see Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Mr. Hurley contends that he has not seen the video evidence on which CSX relies, and he has asked the Court to compel CSX to produce the video and the data recorder from the train involved in his accident. (Doc. 25; *see also* Docs. 32, 34, 36, 37). In support of its summary judgment motion, CSX filed a flash drive containing

---

[3] Mr. Hurley alleges that, at the time of the accident, he was driving south on Lindbergh Street and turned right onto Wilson Road in Birmingham, Alabama. (Doc. 11, Ex. 1, pp. 2-3). Mr. Hurley alleges that traffic was extremely heavy at the time, but other cars allowed him to make the turn. (Doc. 10, p. 2). Mr. Hurley alleges that he turned wide and that he was "steadily scanning and listening for a train." (Doc. 10, p. 2). Mr. Hurley alleges that he was "proceeding slowly," attempting to get a view of the tracks, but vegetation obstructed his view. (Doc. 10, p. 2). Mr. Hurley alleges that the train's conductor failed to properly sound the train's whistle and that CSX failed to maintain the crossing signals. (Doc. 10, pp. 2, 4, 8; Doc. 22, p. 7). Mr. Hurley drove onto the railroad tracks, and a CSX train struck his truck. (Doc. 10, pp. 2-3; Doc. 11, p.1).

the video evidence. (Doc. 12-3, p. 7; Doc. 13). The Court understands from Mr. Hurley's submissions that he has not seen the video yet, and the Court has not entered a scheduling order yet that provides deadlines for discovery. The Court views Mr. Hurley's request to review the video as a request pursuant to Rule 56(d)(2) for time to conduct discovery to support his response to CSX's motion. Fed. R. Civ. P. 56(d)(2). The Court grants Mr. Hurley's request and denies CSX's motion for summary judgment without prejudice to CSX refiling the motion after a brief period of discovery.

Mr. Hurley and CSX shall have two months to arrange for Mr. Hurley to review the electronic evidence on which CSX relies. In doing so, the parties must comply with the protective order in this case. (Doc. 31).

***

For the reasons discussed above, the Court severs and remands Mr. Hurley's workers' compensation claims against Velocity Rail and Gallagher and Bassett Services, Inc. to the Circuit Court of Jefferson County, Alabama. The Clerk of Court shall include in the documents sent to the state court the docket sheet in this action and Gallagher and Bassett Services, Inc.'s motion to dismiss. The Court dismisses Mr. Hurley's tort claims against Velocity Rail. The Court denies without prejudice CSX's motion for summary judgment.

The Clerk of Court shall please TERM Docs. 11, 14, 15, 16, and 25 and TERM Velocity Rail and Gallagher and Bassett Services, Inc. as parties to this federal action.

**DONE** and **ORDERED** this September 30, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE